**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARRELL LAMONT BAILEY, Inmate #00973-424,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **CIVIL NO. 06-280-JPG** |
| **UNITED STATES BUREAU OF PRISONS and THE UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This action comes before the Court on Petitioner's "Writ of Habeas Corpus Petition Writ of Prohibition (Alternative) Title 28 United States Code Service 1651" (Doc. 1).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

The petition itself, not presented on the Court's form, is a disorganized jumble. Petitioner states that the United States government has denied "investigations into allegations of misconduct,

criminal activities, unprofessionalism, discrimination & arbitrary civil rights violations." After this assertion, he lists the first of three numbered paragraphs that the Court believes are intended to indicate separate claims. Under section I, entitled "Title 42 U.S.C.S. 1997e(a) Exhaustion," Petitioner refers to two grievances. The grievances and the responses they received are attached to the petition. Plaintiff appears to be claiming that neither of these grievances were adequately investigated before they were denied. Under section II, Plaintiff invokes the Freedom of Information Act (5 U.S.C. § 552 et seq.), but then again states regarding the grievances that "no investigations are pursued," and that "it is custom, to lie/embellish in Federal Documents by US BOP staff." Under section III, Petitioner asserts his First Amendment "Right to Petition the Government" and states that denial of a proper investigation of his grievances "gives pause to 'public interest.'" Petitioner also states that "relief is warranted by separation of powers doctrine to Const as well." Petitioner seeks copies.

Petitioner brings this action under the umbrella of habeas corpus law, *see* 28 U.S.C. § 2241, or alternatively, pursuant to the All Writs Act, see 28 U.S.C. § 1651. Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). Where a petitioner alleges unconstitutional conditions of confinement, but not the "fact or length of his custody" his proper remedy is under civil rights law. *Id.* at 499. In the case of a federal prisoner, that relief is sought through an action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Based on the allegations in the petition, Petitioner is challenging the grievance procedure in the prison and does not challenge the fact or duration of his confinement. Accordingly, Plaintiff has no remedy under section 2241.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil

rights complaint, *see, e.g.*, *Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.

Therefore, the Court is unable to provide the relief sought. Accordingly, this habeas corpus action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**Dated: April 13, 2006**

**s/ J. Phil Gilbert**
**U. S. District Judge**